UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X

ALTURA ST. MICHAEL EWERS,

        Plaintiff,

     - against -

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT
OF CORRECTION OFFICERS ALEXIS GOODRIDGE,
NATHALIE MENDOZA, MICHAEL HAYWOOD, CAPTAIN
ROBERT DIAZ, JOHN AND JANE DOE CORRECTION
OFFICERS #1-5, CORIZON HEALTH, INC.,
CORRECTION OFFICER NATHALIE MENDOZA, and
JOHN AND JANE DOE MEDICAL PROVIDERS #6-10,

        Defendants.

-------------------------------------X

**MEMORANDUM AND ORDER**

17 Civ. 1116 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**


    Plaintiff Altura St. Michael Ewers ("Ewers" or "plaintiff")
initiated this § 1983 lawsuit in 2017 against the City of New York
and New York City Department of Correction Officers Alexis Goodridge
("Goodridge"), Nathalie Mendoza ("Mendoza"), Michael Haywood
("Haywood"), Captain Robert Diaz ("Diaz"), John and Jane Doe
Correction Officers #1-5, Corizon Health, Inc. ("Corizon"), and John
and Jane Joe Medical Providers #6-10, seeking damages for defendants'
alleged failure to protect plaintiff and for indifference to injuries
plaintiff sustained at the hands of a fellow inmate on November 23,
2014 while he was incarcerated at Rikers Island Correctional Facility
("Rikers Island").  ECF No. 1.  On May 28, 2021, this Court granted
defendants' motion for summary judgment in its entirety.  <u>Ewers v.</u>

City of New York, No. 17-cv-1116 (NRB), 2021 WL 2188128 (S.D.N.Y. May 28, 2021), appeal dismissed No. 21-1563 (2d Cir. Jan. 10, 2022).[1] On May 13, 2022, Ewers filed a motion for partial relief from that judgment under Rule 60(b)(2) and (3) of the Federal Rules of Civil Procedure on grounds of newly discovered evidence and fraud, misrepresentation, or other misconduct.  ECF No. 147.[2]  Plaintiff also requested oral argument, ECF No. 158, which we held on January 12, 2023 (the "Oral Argument," or "Tr. _____.").  For the reasons that follow, Ewers's motion is denied.

## I.   BACKGROUND

We assume familiarity with the facts of the case and only provide the background relevant to decide this motion.

Plaintiff was an inmate at the George Motchan Detention Center on Rikers Island while facing charges of grand larceny, money laundering, and falsifying business records in the New York State Supreme Court.  Def's. Rule 56.1 Statement, ECF No. 127 ("56.1 Statement") ¶¶ 3-4.[3]

---

[1] For the first two-and-a-half years of this case, plaintiff was represented by attorneys Carmen S. Giordano and Stephanie Behler of Giordano Law Offices PLLC. Ewers, 2021 WL 2188128, at *3.  However, following document discovery and depositions, plaintiff's counsel moved to withdraw, ECF No. 86, which motion we granted on December 12, 2019 after an exchange of submissions and plaintiff's failure to communicate with the Court for months and attend a hearing on counsel's motion.  ECF No. 104.  Plaintiff therefore appeared pro se in opposing defendants' summary judgment motion, and we afforded him "special solicitude" in deciding that motion.  Ewers, 2021 WL 2188128, at *3.

[2] With respect to the instant motion, Ewers is represented by Nathaniel Akerman of the Law Office of Nathaniel Akerman.

[3] On December 18, 2014, plaintiff pled guilty to charges of grand larceny, money laundering, and falsifying business records in New York State Supreme Court, and though he later moved to withdraw his plea in January of 2015, the New York State Supreme Court denied his motion.  Id. ¶ 32; Notice of Motion to Withdraw Plea,

On November 23, 2014, Ewers and another inmate at Rikers Island, Charles Hamilton ("Hamilton"), had a verbal disagreement. 56.1 Statement ¶¶ 10-11. Several minutes later, Hamilton ran over to plaintiff and punched him in the facial area. Id. ¶ 13. Officer Goodridge yelled at Hamilton to stop as he saw Hamilton running towards Ewers and arrived "within seconds" to break up the fight. Id. ¶¶ 15-16. Plaintiff received continuous treatment at Rikers Island throughout the day, id. ¶¶ 19-20; was transferred to Bellevue Hospital that night, id. ¶ 20; and was treated at the Rikers Island medical clinic nine times over the following 30 days. Id. ¶ 23.

Ewers filed an initial complaint in the instant matter on February 14, 2017; shortly thereafter filed an amended complaint on February 28, 2017; and then filed a second amended complaint -- the operative complaint -- on July 18, 2017, asserting several claims stemming from the November 23, 2014 incident. ECF Nos. 1, 11, 39. Specifically, plaintiff brought failure to protect and deliberate indifference to a serious medical need claims against Officers Goodridge, Mendoza, Haywood, and Diaz (together, the "Correction Officer Defendants"), as well as against John and Jane Doe Correction Officers #1-5; a claim of deliberate indifference to a serious medical need against Corizon and John and Jane Doe Medical Providers #6-10 (together, the "Medical Provider Defendants"); a Monell claim

---

at 5, ECF No. 134-1; Decision & Order, Ind. #73/14, Feb. 17, 2015. A few months later, in a parallel SEC action in the Southern District of New York, plaintiff signed a Consent to the Entry of Final Judgment, admitting to the conduct to which he pled guilty in state court and agreeing to a civil penalty of $361,492.99. SEC v. Lawrence E. Penn, et al., No. 14-cv-0581, ECF No. 105 (S.D.N.Y. Dec. 11, 2015).

alleging unconstitutional practices and policies against the City of New York; and state law claims of negligence, intentional infliction of emotional distress, and negligent training and supervision against all defendants.  <u>Ewers</u>, 2021 WL 2188128, at *1.

Following the close of discovery, defendants moved for summary judgment on September 9, 2020; plaintiff opposed the motion on November 13, 2020; and defendants filed a reply on November 30, 2020. ECF Nos. 124, 132, 136.

For a myriad of reasons, the Court granted defendants' motion in its entirety on May 28, 2021.  <u>Ewers</u>, 2021 WL 2188128.  Notably, we held that Ewers's claim that defendants failed to protect him prior to the incident could not succeed on the merits -- regardless of whether he filed any grievances or made any oral complaints to prison officials -- because he did "not provide[] any evidence that he and Hamilton engaged in prior physical altercations that should have indicated . . . that there was an unreasonable risk of serious harm to plaintiff."  <u>Ewers</u>, 2021 WL 2188128, at *6 (internal quotation marks omitted).  Focusing on the incident itself, we found that there was no evidence that any prison official met the requirement of acting "recklessly toward plaintiff."  <u>Id.</u> at *7.

In addition, we found that defendants "made a prima facie showing that plaintiff never filed written grievances or, at a minimum, that no individual defendant was aware of any written grievance" prior to the incident.  <u>Id.</u> at *5.  Defendants submitted five New York City Department of Correction Interdepartmental

Memoranda in support, which detailed its officers' exhaustive, unsuccessful searches for written grievances filed by plaintiff. See 56.1 Statement ¶¶ 24-25; ECF No. 125-8; Ewers, 2021 WL 2188128, at *5.  One such memorandum was authored by Pauline P. Mimms, at the time a Rikers Island Inmate Grievance and Request Program ("IGRP") Supervisor.  ECF No. 125-8.  By contrast, plaintiff presented "entirely inconsistent testimony regarding the filing of written grievances against Hamilton."  Ewers, 2021 WL 2188128, at *5-7 (detailing the discrepancies in Ewers's testimony).  It is also unchallenged that plaintiff failed to produce a copy of any grievance he filed and could not name anyone who witnessed him filing a grievance.  56.1 Statement ¶ 25.[4]

Plaintiff filed a pro se notice of appeal on June 26, 2021, ECF No. 142, and his appeal was dismissed on January 25, 2022 for failure to perfect, ECF No. 145.

On May 13, 2022, plaintiff, now represented by Mr. Akerman, filed the instant motion under Fed. R. Civ. P. 60(b)(2) and (3), seeking relief from the Court's summary judgment order on Ewers's failure to protect claim.[5]  The predicate for Ewers's motion is a

---

[4] The Court further concluded that support for plaintiff's claim that he complained orally to prison officials was both inconsistent and insufficient as a matter of law to trigger a failure to protect claim.  Ewers, 2021 WL 2188128, at *6.  Although a fellow inmate, Arun Ganguly ("Ganguly"), testified that he witnessed plaintiff complain orally to correction officers about threats from Hamilton at least six times, Ganguly could not recall any of the names of the correction officers to whom plaintiff orally complained other than Officer Haywood.  Deposition of Arun Ganguly at 65-67, ECF No. 134-2.

[5] See Plaintiff's Memorandum of Law in Support of His Motion for Partial Relief from a Final Judgment, ECF No. 157 ("Pl. Br."); Declaration of Nathaniel H. Akerman in Support of Plaintiff's Motion, ECF No. 155 ("Akerman Decl.").  Defendants filed

declaration authored by William M. Evans -- a former inmate who was incarcerated at Rikers Island between September 2009 and August 2010. Akerman Decl. ¶ 10; Declaration of William M. Evans, ECF No. 156 ("Evans Decl.") ¶ 8.  Mr. Evans states that he was assigned to work in the IGRP for two months in 2010, during which time he witnessed Pauline P. Mimms "ripping up [detainee] grievances and disposing of them in the trash" "on a regular basis."  Evans Decl. ¶¶ 9-10. Plaintiff argues that Mr. Evans's declaration could lead to "direct corroboration of Ewers' deposition testimony and claim that, prior to the assault perpetrated by Hamilton, Ewers had submitted multiple grievances in the Rikers grievance box complaining of the threats on his life from inmate Hamilton."  Pl. Br. at 1.  Ewers therefore asks the Court to relieve him from its final judgment "for the limited purpose of pursuing discovery to determine whether Ms. Mimms had continued her pattern of destroying inmate grievances to include the grievances filed by Ewers" in 2014.  Id. at 2.

## II.  <u>LEGAL STANDARD</u>

Ewers moves under two sections of Rule 60(b) -- (b)(2) and (b)(3) -- pursuant to which the Court may relieve a party from final judgment on grounds of: "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; and "fraud (whether previously

---

a Memorandum of Law in Opposition on July 8, 2022, ECF No. 161 ("Def. Opp."), and plaintiff filed his Reply on July 20, 2022, ECF No. 162 ("Pl. Reply"), along with a Reply Affidavit, ECF No. 163.

called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(2), (3).[6]

Rule 60(b) grants a court the discretion to relieve a party from a final judgment if "(1) the circumstances of the case present grounds justifying relief and (2) the movant possesses a meritorious claim in the first instance." Thomas v. City of New York, 293 F.R.D. 498, 503 (S.D.N.Y. 2013) (quoting Cobos v. Adelphi Univ., 179 F.R.D. 381, 385 (E.D.N.Y. 1998)). However, relief is only warranted upon a showing of "exceptional circumstances," and the burden of proof is on the party seeking relief. See Motorola Credit Corp. v. Uzan, 561 F.3d 123, 126 (2d Cir. 2009) (quoting Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008)).

### III.   **DISCUSSION**

#### A. Meritorious Claim or Defense

Ewers's motion fails at the outset, because he cannot satisfy the precondition for Rule 60(b) relief: namely, that he has a meritorious claim or defense. See Davis v. Musler, 713 F.2d 907, 915-16 (2d Cir. 1983); Local 59 v. Superline Transp. Co., 953 F.2d 17, 20 (1st Cir. 1992) (the meritorious claim or defense requirement "guards the gateway to Rule 60(b) relief").[7]

---

[6] As a preliminary matter, defendants do not contest that plaintiff's motion was made within a reasonable time. See Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

[7] Here, "meritorious" does not mean that the moving party must show that he is likely to prevail, but plaintiff must nonetheless make allegations that, if established at trial, would constitute a valid claim or defense. See 12 Moore's Federal Practice § 60.24 (Matthew Bender 3d Ed.).

The Court's summary judgment decision was clear that plaintiff's failure to protect claims "fail[ed] on the law," regardless of whether Ewers had submitted written grievances or made oral complaints regarding Hamilton.  Ewers, 2021 WL 2188128, at *6-7 (internal quotation marks omitted).  In other words, our holding that Ewers's failure to protect claims lacked substantive merit was wholly independent from whether he filed grievances prior to the incident, and thus is certainly unaffected by Ms. Mimms's alleged destruction of Mr. Evans's grievances in 2010.

Indeed, having never grounded our decision on the filing of grievances, nothing plaintiff could learn from further discovery would vitiate our determinations that he failed to show: (1) an unreasonable risk of serious damage prior to the incident because there was no history of physical altercations between Hamilton and Ewers; or (2) that prison officials acted recklessly towards him during the incident.  Id.  Accordingly, Ewers's motion fails at the threshold and must be denied.  See Beshear v. Weinzapfel, 474 F.2d 127, 132 (7th Cir. 1973) (party moving for relief under 60(b) "must show facts which, if established, might reasonably be said to be a basis for recovery").[8]

---

[8] In any event, plaintiff's claims that he filed written grievances were shaky at best.  As we outlined in our summary judgment decision, plaintiff's testimony was "entirely inconsistent" regarding this very issue.  See Ewers, 2021 WL 2188128, at *5.  Likewise, plaintiff's deposition testimony revealed that he never specifically delivered a written grievance to an officer, nor did he identify any officer who saw him place a grievance in the grievance box.  See Deposition of Ewers, ECF No. 125-3, at 113-14, 118.

### B. Rule 60(b)(2)

Although the absence of a meritorious claim is sufficient to deny Ewers's motion, we also hold that he does not meet Rule 60(b)(2)'s requirements.

To obtain relief under Rule 60(b)(2), a movant must demonstrate that:

> (1) The newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 392 (2d Cir. 2001) (quoting United States v. Int'l Bhd. of Teamsters, 179 F.R.D. 444, 447 (S.D.N.Y. 1998)).  A motion pursuant to Rule 60(b)(2) is disfavored and "properly granted only upon a showing of exceptional circumstances." Teamsters, 247 F.3d at 391; accord United States ex rel. Brutus Trading, LLC v. Standard Chartered Bank, No. 18-cv-11117 (PAE), 2021 WL 4772142, at *4 (S.D.N.Y. Oct. 13, 2021).

Plaintiff does not meet these specific requirements, because his purported new "evidence" is (i) inadmissible; and (ii) would not have likely changed the outcome of the Court's summary judgment decision.

### i. *Admissibility*

Ewers presents no new admissible evidence in his motion. Rather, based on an inadmissible declaration, he asks the Court to reopen discovery in the hopes that additional discovery may lead to

information related to Ewers.   *See* 12 <u>Moore's Federal Practice</u> §
60.42(7) (Matthew Bender 3d Ed.) ("[C]ourts require newly discovered
evidence to be 'material' before it may justify relief from
judgment."); Fed. R. Evid. 401.

There is a chasm between Mr. Evans's declaration and our summary
judgment decision.   First and foremost, Mr. Evans's declaration
describes a single eyewitness account of events that took place over
a one-to-two-month period four years before Ewers was incarcerated,
seven years before he filed this case, and twelve years before the
filing of this motion.

Beyond these obvious gaps, the irrelevance of Mr. Evans's
declaration was exposed by the discovery program plaintiff's counsel
proposed during oral argument.   If the Court were to grant Ewers's
application, he would seek: (1) a deposition of Pauline Mimms; (2)
an interrogatory request to the defendants to identify the names and
last known addresses of all inmates who worked in the grievance
office under Ms. Mimms during the period Ewers was incarcerated at
Rikers Island; (3) depositions of those inmates who worked in the
grievance office; (4) an interrogatory requesting other claims by
inmates whose grievances have been destroyed; and (5) an
interrogatory request to identify other cases brought against the
City where Pauline Mimms searched for grievances and attested none
existed.   *See* Tr. at 5-6.   "Limited" is not the proper adjective for
this additional discovery sought.   *See* Pl. Reply Br., at 2.   Rather,
Ewers's expansive wish list simply demonstrates how far afield Mr.

Evans's declaration is from plaintiff's claims, and thus from admissibility. See 12 <u>Moore's Federal Practice</u> § 60.42.[9]

ii. *Change in Outcome*

Even assuming, <u>arguendo</u>, that plaintiff presented new and admissible evidence, Mr. Evans's declaration does not meet another 60(b)(2) requirement, namely that it would likely change the outcome of our summary judgment decision. As discussed in the section above on the precondition that plaintiff must establish a meritorious claim, our summary judgment decision was based on legal conclusions entirely independent of whether plaintiff filed written grievances. Mr. Evans's declaration is simply substantively irrelevant to the outcome.

**C. Rule 60(b)(3)**

For similar reasons, the Court also denies plaintiff's application under Rule 60(b)(3). "A Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits." <u>Fleming v. N.Y. Univ.</u>, 865 F.2d 478, 484 (2d. Cir. 1989). Moreover, the evidence in support of plaintiff's motion must be "'highly convincing.'" <u>Kotlicky v. United States Fidelity & Guar. Co.</u>, 817 F.2d 6, 9 (2d Cir. 1987) (quoting <u>United States v. Cirami</u>, 563 F.2d 26, 33 (2d Cir. 1977)).‼

---

[9] Defendants also maintain that plaintiff's purported new evidence is inadmissible character evidence under Federal Rule of Evidence 404(b)(1). See Def. Br. at 5-6 n.3. Because the Court concludes that plaintiff's new evidence is irrelevant and would not have likely changed the outcome of our summary judgment order, we need not address this argument.

Mr. Evans's declaration does not present "highly convincing" evidence in support of his motion.  To hold otherwise would require assuming a fact not in evidence, i.e., that there is any link between Mr. Evans's eyewitness account in 2010 and Ewers's incarceration in 2014.

Indeed, even the most charitable interpretation of Mr. Evans's declaration -- namely, that Ms. Mimms maintained a practice of destroying inmate grievances for one-to-two months in 2010 -- is so attenuated from this action that it could never meet Rule 60(b)(3)'s exacting standards.  Plaintiff was incarcerated at Rikers Island in 2014, and Mr. Evans alleges no link between himself and Ewers in his declaration, nor is there any evidence that Ewers's grievances were destroyed.  Rather, plaintiff asks this Court to make a considerable number of logical leaps in the absence of any solid proof: because Mr. Evans may have observed Ms. Mimms destroying some grievances during the summer of 2010, she may have maintained a years-long practice of doing so, which may have continued up until plaintiff's incarceration, and thus may have extended to destroying plaintiff's grievances.  We are unwilling to reopen discovery based on such speculative grounds.  See Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (noting that "final judgments should not be lightly reopened") (internal quotation marks omitted).

Accordingly, the Court concludes that the conduct complained of in Ewers's motion does not come close to reaching the "clear and convincing evidence" threshold required by Rule 60(b)(3).

IV.   <u>CONCLUSION</u>

Ewers's motion for relief under Rule 60(b) is meritless and therefore denied.  The Clerk of the Court is respectfully directed to terminate docket number 147.

**SO ORDERED.**

DATED:    New York, New York
          February 9, 2023

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

13